**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **COUNTRY MUTUAL INS. CO.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:18cv273 SNLJ** |
| | ) | |
| **DEBRA CLEMENTS, JAIME ADAMS,** | ) | |
| **and KRISTA ADAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Country Mutual Insurance Company filed this lawsuit against defendants Debra Clements, Jaime Adams, and Krista Adams. The Adamses rented property on East Main Street in Jackson, Missouri from Schallberger, LP. The property burned down in September 2016. Plaintiff paid insurance monies to Schallberger, LP and became subrogated to Schallberger's interests with respect to the property. Plaintiff brings claims against Clements for negligently causing the fire. Plaintiff brings claims against the Adamses for breach of contract and negligence.

Currently before the Court is a letter from defendant Clements asking this Court to dismiss the case for reasons related to liability and her inability to afford an attorney. Plaintiff points out that its counsel advised the defendants that they should turn the matter over to their own insurance company. However, no one has made an appearance on behalf of any defendant.

The Federal Rules of Civil Procedure provide for when this Court may dismiss a case. A Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

Here, of course, defendant Clements has not attempted to explain why the plaintiff fails to state a claim against her. The Court may not dismiss a case for reasons of sympathy, as defendant requests. Defendant will be permitted to present her own evidence as the litigation proceeds; however, all parties must follow the Federal Rules of Civil Procedure. She and the other defendants are encouraged to, as plaintiff suggested in its response memorandum, submit the complaint to their insurance companies. If defendants do not have insurance, they should attempt to retain legal counsel. Although Clements's letter, which was docketed as a motion to dismiss, extended the time for Clements to file an answer under Federal Rule of Civil Procedure, the defendants must answer the Complaint in accordance with Federal Rule of Civil Procedure 12(a). The defendants, if they act pro se and without the assistance of an attorney, must sign all documents filed with the Court themselves. Pro se defendants may not sign for other

defendants.  In addition, the defendants are advised that all requests for Court action must be made by motion, not by letter, pursuant to Federal Rule of Civil Procedure 7.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Debra Clements's motion to dismiss (#6) is **DENIED**.

Dated this __20th__ day of March, 2019.

_____

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE